**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALEXANDER-MARQUIS:
JOHNSON,

      Plaintiff,

v.                                                    Case No. 8:25-cv-2466-WFJ-NHA

TAMPA POLICE DEPARTMENT,
OFFICER KYLE R. BROWN

      Defendants.

_____/

## REPORT AND RECOMMENDATION

I recommend that Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 2) be denied without prejudice and that his Complaint (Doc. 1) be dismissed without prejudice, because it fails to comply with the federal rules or to state a claim for relief.

### I.  Background

Plaintiff Alexander-Marquis: Johnson sues the Tampa Police Department (TPD) and Officer Kyle R. Brown, pursuant to 18 U.S.C. § 1983. Doc. 1. Plaintiff alleges that Officer Brown pulled over Plaintiff's vehicle and issued him a citation for driving without a license, then "coerced" Plaintiff to sign the citation. Doc. 1-1, p. 2. Plaintiff alleges that he objected to the citation

"because he did not wish to contract with the state." *Id.* Plaintiff asserts that Officer Brown's actions required Plaintiff to participate in local court proceedings. *Id.*

Plaintiff asserts that Defendants violated laws relating to "Armed deprivation of rights under color of law 18 USC 242, Armed violation of due process 32 CFR 536.77(a)(3)(vii), Neglect/Failure to protect/act 18 USC 1621-42 USC 1986, Armed conspiracy against rights of people 8 USC 241, Denied right to truth in evidence 18 USC 3571." Doc. 1, p. 4.

Plaintiff applies to proceed in this lawsuit without paying the filing fee. Doc. 2. In his application to excuse the payment, he states that he makes $1332 per month in employment and an additional $1000 per month in "self-employment." Doc. 2, section 1. In a separate section of the application, however, he reports that he earns $2664 per month from Eastside Preparatory School and an additional $2000 per month from NGL Baptist Church. *Id.* section 2. He reports his total living expenses per month are $2850.

## II.   Standard of Review/Applicable Law

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating

. . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

One such rule is Rule 10 of the Federal Rules of Civil Procedure, which states: "If doing so would promote clarity, each claim founded on a separate

transaction or occurrence . . . must be stated in a separate count." FED. R. CIV.

P. 10(b). It further requires that a Plaintiff "state its claims . . . in numbered

paragraphs, each limited as far as practicable to a single set of circumstances."

*Id.*

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that

a plaintiff describe what action a defendant took that violated the law. A

complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard

in Rule 8 does not require "'detailed factual allegations,' but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 554, 555 (2007)). Conclusions and characterizations of conduct are

insufficient; a complaint must allege enough facts to show that each element

of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308,

1309 (11th Cir. 2008). The allegations in the complaint "must be simple,

concise, and direct." FED. R. CIV. P. 8(d)(1).

Complaints that break Rules 10 and 8 are sometimes considered

"shotgun pleadings." There are four types of shotgun pleadings:

> The most common type . . . is a complaint containing multiple
> counts where each count adopts the allegations of all preceding
> counts, causing each successive count to carry all that came before
> and the last count to be a combination of the entire complaint. The
> next most common type . . . is a complaint that . . . is . . . replete

with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one . . . [does] not separate[e] into a different count each cause of action or claim for relief. Fourth, and finally, there is . . . asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

The Eleventh Circuit has instructed that a district court "must intervene . . . and order a replead[ing]" of a shotgun complaint, even if the defendant does not move for a more definite statement. *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

## III.  Discussion

Plaintiff's Complaint cannot carry this case forward, because it does not comply with the federal pleading rules.

The Complaint alleges facts suggesting that Officer Brown pulled over and cited Plaintiff for driving without a license and that Plaintiff believed the citation was unfair because Plaintiff did not wish to contract with the state. Doc. 1-1, p. 2. In a section separate from the facts, the Complaint lists several statutes (and a regulation) which he claims Defendants TPD and Brown

violated: 18 U.S.C. § 242, 32 C.F.R. § 536.77(a)(3)(vii), 18 U.S.C. 1621- 42 U.S.C. § 1986, 8 USC § 241, and 18 U.S.C. § 3571. Doc. 1, p. 4.

However, the Complaint does not make clear which facts are meant to support which claim(s) against which Defendant(s). Nor does it otherwise make clear how the facts demonstrate that one or both Defendants violated the various laws Plaintiff cites. And, while the Court gives great leniency to pro se pleadings, the Court cannot on its own tell how the facts Plaintiff alleges would support any of the violations he claims were committed.

In other words, the Complaint does not comply with the Federal Rules governing complaints. Because the Complaint does not comply with the federal rules, it presently has no chance of success. The Court cannot, therefore, allow Plaintiff to proceed without paying the filing fee.

The Court cannot permit Plaintiff to proceed without paying the fee for the additional reason that his motion to proceed without payment suggests that his monthly income may significantly exceed his monthly expenses. That is, the application does not make clear that he is unable to pay the $405 filing fee.

## II.   Conclusion

Thus, I respectfully RECOMMEND:

a.   Plaintiff's Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE;

b.      Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED

WITHOUT PREJUDICE;

c.      Plaintiff be given 21 days from the date of the District Court's

order to file an amended complaint[1] addressing the problems with

his complaint, and either (1) pay the filing fee, or (2) file an

amended motion to proceed in forma pauperis. If Plaintiff fails to

timely file an amended complaint and either (1) the filing fee, or

(2) file an amended motion to proceed in forma pauperis, I

recommend that the District Court dismiss the case with prejudice.

SUBMITTED for the District Court's consideration on November 9 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge

---

[1] If Plaintiff files a new complaint, he should label the document "Amended Complaint" and should not refer back to or incorporate by reference the original complaint. For each law or right he says was violated, he should write a separate "Count" and label each count by number, like "Count One, Count Two," etc. He should say, for each Count, which Defendant or Defendants he means to accuse and what law he/they violated. Plaintiff should explain, in plain but detailed language exactly what happened. Plaintiff should make sure that the facts listed in each court address all of the elements necessary to prove that the law listed in each count was violated.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.