UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALEXANDER-MARQUIS JOHNSON**,

    Plaintiff,

v.   Case No: 8:25-cv-02466-WFJ-NHA

**TAMPA POLICE DEPARTMENT**;
**OFFICER KYLE R. BROWN**,

    Defendants.
_____/

## ORDER

Before the Court is the United States Magistrate Judge Natalie Hirt Adam's Report and Recommendation that Plaintiff Alexander-Marquis Johnson's motion to proceed *in forma pauperis* (Dkt. 2) be denied and Plaintiff's *pro se* Complaint (Dkt. 1) be dismissed. Dkt. 3. The time for filing objections has passed.

Absent objection, the Court conducts a "careful and complete" review of the report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982 (*per curiam*) (citation modified). "Clear error" review applies to portions of the report and recommendation to which no objection is made. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (*per curiam*) (citation modified). Legal conclusions are reviewed *de novo* in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston*

*v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams*, 681 F.2d at 732.

The Magistrate Judge, in a thorough and well-reasoned analysis, found that the motion to proceed without pre-paying the filing fee (Dkt. 2) be denied without prejudice and that his Complaint (Dkt. 1) be dismissed without prejudice, because it fails to comply with the federal rules or to state a claim for relief. Dkt. 3 at 1. The Court agrees.

Concerning Plaintiff's 18 U.S.C. § 1983 claims against the Tampa Police Department and Officer Kyle R. Brown, the Magistrate Judge correctly found that "the Complaint does not make clear which facts are meant to support which claim(s) against which Defendant(s). Nor does it otherwise make clear how the facts demonstrate that one or both Defendants violated the various laws Plaintiff cites." Dkt. 3 at 6; *see* Dkt. 1 at 4. In other words, the Complaint does not comply with the Federal Rules of Civil Procedure, as it failed to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because the Complaint does not comply with the Federal Rules, it presently has no chance of success. Thus, the Court cannot allow Plaintiff to proceed without paying the filing fee and dismisses the Complaint without prejudice.

Additionally, the Eleventh Circuit is clear that this Court must give a *pro se* plaintiff, like Plaintiff Alexander-Marquis Johnson, "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Plaintiff may make one last attempt at stating a claim under Section 1983. However, the Court warns that any subsequent complaint that fails to state a claim will be dismissed with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Woldeab*, 885 F.3d at 1291.

## CONCLUSION

Having performed a *de novo* and independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation, Dkt. 3, is **ADOPTED, CONFIRMED, and APPROVED** in all respects and made a part of this order.

2. Plaintiff's Complaint, Dkt. 1, is **DISMISSED without prejudice**;

3. Plaintiff's motion to proceed *in forma pauperis*, Dkt. 2, is **DENIED without prejudice**; and

4. Plaintiff has **21 days** from the date of this Order to file an amended complaint addressing the problems with his complaint, and either (1) pay the filing fee, or (2) file an amended motion to proceed *in forma pauperis*. If Plaintiff fails

to timely file an amended complaint and either (1) the filing fee, or (2) file an amended motion to proceed *in forma pauperis*, the Court will dismiss the case with prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on December 2, 2025.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Plaintiff, *pro se*